# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

WILLIE HAMPTON                                                              PLAINTIFF

v.                                                                                        No. 3:19CV106-JMV

THOMAS J. BOHLKE, ET AL.                                        DEFENDANTS

**FINAL JUDGMENT**

This matter comes before the court on the court's previous order [7] requiring the plaintiff to show cause why the instant case should not be dismissed as untimely filed and under the doctrine of collateral estoppel. The plaintiff sought leave to file a "Second Supplemental and Amended Reply," which he presented to the court on August 23, 2019. The court recounted the facts and procedural history of this case in the June 13, 2019, Show Cause Order and will not repeat them here.

**The Show Cause Order**

In its order, the court requested briefing regarding whether the three-year statute of limitations had expired prior to the filing of the instant case. The court also requested briefing as to the issue of collateral estoppel, as it appears that: (1) all of the claims in this case were dismissed with prejudice in the plaintiff's previous federal case (*Hampton v. Tunica Co. Bd. of Supervisors*, 2:06CV100-SA-SAA (N.D. Miss.)), and (2) in any event, as to his claims of improper forfeiture, the plaintiff succeeded in state court by securing an order requiring the defendants to return his property to him.

**The Plaintiff's Arguments**

The plaintiff's arguments, set forth below, are not supported in the law.

**Three-Year Statute of Limitations**[1]

The plaintiff argues that the court should not look to November 1, 2000, the date his forfeiture claims initially arose, as the time when the three-year limitations period began to run. He argues, instead, that the three-year statute of limitations began to run on May 10, 2018, the date the Mississippi Supreme Court upheld the state trial court's ruling in his favor regarding forfeiture. The State's forfeiture action moved forward, in fits and starts, from the trial court to the Mississippi Supreme Court and back, from its filing on April 6, 2000, until Mr. Hampton eventually obtained a ruling in the trial court that the process took so long that it violated his right to a speedy trial. *Tunica County v. One Mercury Cougar, VIN #OF9111545940*, No. 2000-0080 (Tunica Co. Circuit Court), Order Dated November 4, 2016. The court ordered Tunica County to return Mr. Hampton's property. The Mississippi Supreme Court affirmed the trial court's ruling in favor of Mr. Hampton on May 10, 2018.

Federal law determines when a § 1983 plaintiff's cause of action accrues, while state law governs the tolling inquiry. *Walker v. Epps*, 550 F.3d 407, 414, 416 (5th Cir. 2008). "Federal law holds generally that an action accrues when a plaintiff has a complete and present cause of action, or expressed differently, when the plaintiff can file suit and obtain relief." *Walker,* 550 F.3d at 414 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks and additional citations omitted). Mr. Hampton knew of the facts giving rise to his improper forfeiture claims by at least November 1, 2000, and he knew of the facts giving rise to his other claims before then. He was free to pursue relief for those perceived violations in federal court at any time, and he did so in *Hampton v.*

---

[1] *See* Miss. Code Ann. § 15-1-49, which sets forth Mississippi's general statute of limitations.

*Tunica Co. Bd. of Supervisors*, 2:06CV100-SA-SAA (N.D. Miss.), though he chose to voluntarily dismiss that case with prejudice.

Mississippi's three-year general limitations period can be tolled by the filing of a complaint:

> Under Mississippi law, the filing of a complaint tolls the statute of limitations as to the claims sued upon for the 120 days permitted for service. *Watters v. Stripling,* 675 So.2d 1242, 1244 (Miss.1996). And "[a]ssuming proper service of process, filing a complaint tolls the statute of limitations until a suit's dismissal." *Nelson v. Baptist Mem'l Hosp.-N. Miss., Inc.,* 972 So.2d 667, 671 (Miss.Ct.App.2007) (citing *Canadian Nat'l/Ill. Cent. R.R. v. Smith,* 926 So.2d 839, 845 (Miss.2006)). But "[i]f, after 120 days, the defendant has not been served, the period of limitation begins to run again." Jeffrey Jackson and Mary Miller, 5 MS Prac. Encyclopedia MS Law § 44:22 (citing *Watters v. Stripling,* 675 So.2d 1242 (Miss.1996)).

*Chestang v. Alcorn State Univ.*, 940 F. Supp. 2d 424, 430 (S.D. Miss. 2013). This rule may be found in Mississippi's savings statute, Miss. Code Ann. § 15-1-69, which reads:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Miss. Code. Ann. § 15-1-69. Mr. Hampton has not shown that he filed a complaint within three years of November 1, 2000. As such, the savings statute does not apply, and his causes of action accrued, at the latest, on November 1, 2000, and he has not set forth a valid reason to toll the limitations period. Hence, his deadline for seeking relief in federal court on these claims expired on November 1, 2003, over 15 years prior to filing the instant case. The instant case will be dismissed as untimely filed.

**Collateral Estoppel**

All of Mr. Hampton's claims, including his claim of improper forfeiture, were dismissed in this court in a previous case – a case which he, himself, moved to dismiss, with prejudice. *Hampton v. Tunica Co. Bd. of Supervisors*, 2:06CV100-SA-SAA (N.D. Miss.), Doc. 120.[2] The court discussed the matter and the preclusive effect it would have on Hampton's ability to reassert those claims in a later case, but Hampton moved a second time to dismiss the case with prejudice. *Id.* The court dismissed the case, with prejudice, under Fed. R. Civ. P. 41(a)(2) with the consent of all parties on August 25, 2009.

Collateral estoppel precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Certainly, Mr. Hampton was a party (the plaintiff) in the earlier case, *Hampton v. Tunica Co. Bd. of Supervisors*, 2:06CV100-SA-SAA (N.D. Miss.), and the issues in that case were adjudicated on the merits and essential to the judgment. As set forth in the show cause order, all issues except the validity of the seizure and forfeiture of Hampton's property were dismissed after a thorough discussion of their merits. Further, as discussed earlier, Mr. Hampton voluntarily dismissed that case – including that remaining issue – *with prejudice* under Fed. R. Civ. P. 41(a)(2). A dismissal with prejudice under Rule 41(a) constitutes an adjudication on the merits. 18 Wright & Miller § 4435, at 329, n. 4; *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021, 1026–27, 149 L. Ed. 2d 32 (2001). Thus, the doctrine of collateral estoppel prohibits Mr. Hampton from relitigating these issues in the current case.

---

[2] Hampton's previous federal case was filed in 2006, several years after the § 1983 three-year limitations period expired.

Mr. Hampton argues that the court has not decided the issue of the validity of the seizure and forfeiture of his property on the merits; however, as discussed above, his voluntary dismissal of the previous case operates as a dismissal on the merits. The court discussed the effect of such a dismissal with Mr. Hampton, and he discussed the issue with his standby counsel. He chose to dismiss the case, and he is thus collaterally estopped from relitigating the issues in the present case.

### Mr. Hampton's Attempts to Use the Present Case to Relitigate his Criminal Conviction

As the Circuit Court of Tunica County recognized, the reason Mr. Hampton has pursued these issues for so long is that he wishes to use a ruling in his favor in the present case to relitigate his federal criminal conviction:

> As a first observation, an inordinate amount of time, expense, and judicial resources have been expended in a forfeiture proceeding involving what is now a 46 year old Mercury Cougar, a 26 year old Ford Mustang, another Ford Mustang of unknown age but [which] would, if new when these proceedings began, be *at least* 16 years old, and $355. It leads one to suspect that this proceeding is more than simply about the return of these items of personal property. Such a suspicion is bolstered by the fact that at the beginning of the hearing on August 27, 2014, the county offered to return all such items and such offer was refused by Hampton. In responding to such offer, Hampton states,
>
>> Your Honor, no, no. No, your Honor. This is about evidence that I have to get on the record. The Tunica County has charged me with a crime, your Honor, that was never committed … So now, I need for that information to come out. They have [cost] me 15 years of my life through a bogus prosecution that would never have been, if they had allowed me to get this evidence which they suppressed and kept from deposing Hudson.
>
> In addition, in a letter forwarded to circuit clerk Sharon Reynolds dated March 14, 2004, and filed with the clerk March 18, 2005, Hampton refers to this forfeiture as his "ticket out of prison." These assertions further suggest that Hampton is pursuing more than a return of proposed forfeited property.

*Tunica County v. One Mercury Cougar, VIN #OF9111545940*, No. 2000-0080 (Tunica Co. Circuit Court), Order Dated November 4, 2016.

Mr. Hampton has thoroughly litigated the issues surrounding his federal conviction through *two* motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, and the court decided against him both times. The state courts did not find that Mr. Hampton's items of property were *seized* illegally; instead, the courts found that the *forfeiture* procedure took far too long. Thus, it does not appear that Mr. Hampton's victory in the state forfeiture case bears on the validity of his criminal conviction. In any event, this court does not presently have jurisdiction to review Mr. Hampton's conviction. If he wishes to revisit his criminal conviction, then he must first seek permission from the Fifth Circuit Court of Appeals to pursue a third § 2255 motion.

## Conclusion

For the reasons set forth above, the instant case will is **DISMISSED** as untimely filed and as barred under the doctrine of collateral estoppel. As the court considered all of Mr. Hampton's filings with the court in reaching its decision, his motion [9] to submit further briefing is **GRANTED**. This case is **CLOSED**.

**SO ORDERED**, this, the 29th day of October, 2019.

/s/   Jane M. Virden
UNITED STATES MAGISTRATE JUDGE